E-FILED
Thursday, 01 April, 2010  03:41:45 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUGENE HAYWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04-1351 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# O R D E R

This matter is before the Court on Petitioner, Eugene Haywood's ("Haywood"), combined Motion for Amendment of Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Motion to Proceed In Forma Pauperis.  For the reasons set forth below, the 60(b)(6) Motion [#31] is DISMISSED, and related Motion to Proceed In Forma Pauperis is MOOT.

## Discussion

Following a jury trial in March 2002, Haywood was found guilty of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to life in prison and ten years of supervised release.  Haywood pursued a direct appeal to the Seventh Circuit, challenging the denial of his motion to suppress on the question of whether an unauthorized driver of a rental vehicle has standing to contest the search of the vehicle.  He additionally challenged the jury verdict on the question of whether there was sufficient evidence presented to the jury to support their verdict on the

conspiracy charge.  On April 24, 2003, the Court of Appeals affirmed Haywood's conviction and sentence.  United States v. Haywood, 324 F.3d 514 (7th Cir. 2003).  His Petition for Writ of Certiorari to the United States Supreme Court was denied.  United States v. Haywood, 324 F.3d 514 (7th Cir. 2003), *cert. denied*, 540 U.S. 986 (2003).

Haywood then brought a § 2255 motion in which he raised essentially seven claims: (1) his Fifth Amendment Due Process rights were violated when he was convicted of conspiracy with a known informant; (2) trial counsel was ineffective in violation of the Sixth Amendment where counsel did not move for dismissal of the conspiracy charge; (3) trial counsel was ineffective in violation of the Sixth Amendment where counsel failed to request a jury instruction providing that he could not be guilty of conspiring with an informant; (4) his Fifth Amendment Due Process rights were violated when the Government misrepresented to the Court and Haywood that there were no co-conspirator statements; (5) trial counsel was ineffective in violation of the Sixth Amendment where counsel failed to move for a hearing on the admissibility of co-conspirator statements; (6) his Fifth Amendment Due Process rights were violated when the Government withheld exculpatory evidence from the jury; and (7) trial counsel was ineffective in violation of the Sixth Amendment where counsel failed to investigate and call witnesses on Haywood's behalf. On June 3, 2005, the Motion was denied.  Haywood pursued an appeal from the denial of his § 2255 Motion, but he was denied a Certificate of Appealability and his appeal was dismissed on April 10, 2006.

On March 29, 2010, Haywood filed the present Motion for Amendment of Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) in which he argues that a procedural error was committed by the Government and the District Court when they failed to amend

the information contained in the Notice of Intent to Use Evidence of Prior Convictions pursuant to 21 U.S.C. § 851. He states that the Notice of Intent contained incorrect information about two previous convictions that were actually just arrests. Haywood contends that the failure to correct that misinformation before sentencing means that the Court failed to comply with § 851, and so lacked jurisdiction to impose an enhanced sentence against him. He relies upon this argument even if the allegedly incorrect information was a result of a clerical mistake.

The Seventh Circuit has previously addressed the filing of a Rule 60(b) motion under analogous circumstances and unambiguously concluded that "a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)." Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997). Otherwise, the requirements and limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") would be ineffectual. Id.

Thus, under the clearly established law of this circuit, Haywood's motion is nothing more than a disingenuous attempt to bring another petition for collateral relief in federal district court without first having obtained an order from the Seventh Circuit Court of Appeals. Before this Court is able to consider Petitioner's claims, he must obtain such order from the Seventh Circuit Court of Appeals. He is therefore not entitled to relief in this Court at this time, and his motion will be dismissed for lack of jurisdiction.

## Conclusion

Accordingly, for the reasons set forth above, the Motion for Amendment of Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) [#31] is DISMISSED for lack of

jurisdiction, and related Motion to Proceed In Forma Pauperis is MOOT.  This matter is again TERMINATED.

ENTERED this 1st day of April, 2010.


s/Michael M. Mihm
Michael M. Mihm
United States District Judge